Judge Buckner,
delivered the opinion of the court.
ThoMas Carneal, as agent for David Ross, employed J. II. Daviess to institute and manage a suit for land, in this state. A written agreement was entered in to purporting to be signed by Daviess, and Ross, by Carneal, as his attorney in fact. The fee to be received by Daviess was the sum of $100 in money, and a thousand acres of land in Ohio county, on the Ohio; for which he procured a conveyance to be made to him, by commissioners appointed by the county court. By his will he devised “the whole of his real estate personal and mixed” in trust, to Rowan and Mead and the survivor, and died. Rowan as surviving trustee sold a part of the one thousand acres to Coomes, who filed his bill in chancery to obtain a rescisión of the contract, alleging that Carneal had no authority from Ross to make such a contract; that Daviess had died without procuring a valid title to the land, and that his trustee was consequently unable to convey to him. Rowan by answer insisted upon the validity of the title; and makes it a cross bill against Bouldin, the executor, and the heirs of Ross, &c. He alleges that Carneal was authorized by Ross and did make a contract with Daviess, who complied with it in every particular; and insists, that if the land could not be retained, he was entitled to its value, at the time of the contract and in *384 terest. He prays for a conveyance, if the legal title had not vested in his testator, and if that could not be ._procured, tor a compensation adequate to the services rendered by his testator.
The executor and a part of the heirs failed to answer, and an order of publication against them, as non-residents, having been regularly executed, thebill as to them was taken as confessed. The other heirs answered stating their ignorance of the matters set forth in the cross bill, and demanding proof of its allegations. They say however, if Carneal had authority to make the contract, they were advised to insist that Davies had so negligently or unskilfully prepared the suit for trial, alluded to by Rowan, that he was bound rather to answer to them for damages, than authorized to demand compensation for his pretended services. They refer to the answer of Bouldin, the executor, to Coomes’ bill, and make the statements of it part of their answer.
Bouldin, in his answer thus referred to, by the heirs, professes to be entirely uninformed with respect to the alleged contract between Daviess, and Carneal as agent of Ross, except from the testimony furnished, by the letter book and papers of his testator. From that source, he was able to state as he belived, correctly, that a suit had been instituted in the circuit court of Ohio county, by his testator and others, representing the concern of May, Bannister, & Co., against Mason’s heirs and others; that Thomas Carneal was directed by his testator to employ counsel to prosecute .that. ,, , and instructed to give a liberal fee, a part to be pa d at the commencement, and the residue at the termir. ¡,- tionof the suit. He denied however, that the said agent had any authority to make a contract for land, as á fee. He says, that when Carneal informed Ross of the contract which he had made, he disavowed it, and addressed a lei ter to him in the following langauge, “I observe your agreement with Mr. Daviess. In ■ the first place, I must observe it changes the principles of my instructions entirely, which was to hold the principal part of the fee, dependent on' the event of suit; with such a sum in hand, and on the trial, as would be more than adequate to the services; and then On success, the proposed commission on what was recovered. What signifies the obligation of an attorney. *385 ít> be employed by exeeutors. In all my experience, I have found, that the new attorney whether employed by the executor of, or the lawyer himself who retires from business, or from particular courts, must receive a new fee; or the business goes on slowly; or perhaps even worse than delay. Although the gentlemen of the bar, may be more elightened than other men, I am as yet without evidence, of their being better than other men, in the same grade of society. But how, when or where, was it sanctioned by prudence, to pay in advance, for the whole amount of services to be performed, which may require years; and death may intervene. In case of my death the suit must be revived, in another name, and probably a new fee. In case of Mr. Da-viess’ death, I am certain there must be a new fee; I prefer the principles of your instructions by far, to the agreement you have made. But as it is made, I am willing to perform it, as far as is consistent, with justice and prudence. 1 fondly hope, I never shall be reduced to such distress for money, as to compel me in any situation, to take a dollar per acre, for the land at the Yellow Banks; and that too, the choice of it. I thought you knew my sentiments upon this point clearly, and explicitly, in oúr conversation here; if not, I declare, that I am not disposed to sell one acre of that place, even for cash, at any price. In the place Of the land, I desire you will, (as you say you can) substitute a thousand dollars; but it will be more agreeable tome, to pay two hundred dollars in hand, and two hundred more at the trial and five per cent, upon the lands recovered, at one dollar per acre, in six months, after the ultimate decision.”
Upon hearing of the cause, the circuit court being t>f opinion that, the contract made by Carnea], was not obligatory on the heirs,and adopting the value of the one thousand acres as the exclusively governing criterion,in estimating the compesation for Daviess’ services, entered a decree against Ross’ executor and heirs in favor of Rowan for .§3,000; which was shewn by proof, to be-the value of the one thousand acres, at the time Da-viess was employed, and dissolved the contract, between Coomes and Rowan. To reverse the decree against the executor and heirs, this appeal is prosecuted.
Bill against lieirs, on contract of ancestor, for conveyanceof land or compensation in damages; bill taken pro con-fesso as to some of the heirs, and others deny its allegations and require proof; to authorize decree against any of the heirs, the production of proof is indispen-sible.
Agent is authorized to employ lawyer to prosecute a suit for land, and to pay him in •money; agent employs a lawyer and agrees In writing to pay him part of his fee in money and residue in l nd belonging to his principal, the agreem’nt does not hind principal to convey the i tund.
Two questions are presented for consideration:
1st. Was the appellee entitled to any decre (under the proof in the cause) against the heirs?
2d. If he was, did not the court err, In adopting the value of the land, as the governing criterion of compensation for the services of Daviess?
It is not proved by any deposition, that Carneal was authorized to employ a lawyer for Ross; or that he did employ Daviess nor that the services alleged were rendered. The only proof on these points, is furnished by Rouldin’s answer adopted by the heirs, and the letter of Ross.
The bill was taken as confessed against the executor and apart of the heirs; but it has already been stated, that others answered, not confessing its allegations; but demanding proof of them. The confession of a part of them, cannot avail Rowan. The decree, tinder the circumstances of the case, could not he correctly entered against a part of the heirs. The properly of their ancestor descended not to a part, but to all of them. A denial by some, although others permitted the bill tobe taken as confessed against them, rendered the production of proof indispensable, to authorize a decree against any of them.
Rut the heirs who did answer adopted the statements of Rouldin, in his answer to the bill of Coomes. It becomes therefore necessary to consider what effect their statements may' have. They show, that Carneal was authorized by Ross,to engage a lawyer to prosecute the suit alluded to in Ross’ letter to him, and that he did engage Daviess, and attempted to bind his principal, to convey the one thousand acres of land, as a fee. Rut they show also, that the agent violated the authority confided to him, and made a contract which his principal disavowed, as it íelaled to the land, and by which he was not bound. Whether therefore, we regard llouldin’s answer or reject it altogether, the result, as it respects the heirs, is the same. Ross was not hound, by the contract for the land; and neither the answer of the heirs, nor that of Rouldin furnishes any evidence of the extent or value of Daviess’ services.
Where the authority is ou <ir’1 except cir-oumstantially hlsaotw V01 •
Crittenden, for plaintiff; Mills Brown, for defendants.
Whether Rowan’s bill having been taken as confessed against the executor, would haye justified a decree against him separately, is a question not presented by_1 the record.
With respect to the second point, we are of opinion that the one thousand acres of land did not properly form the governing criterion, by which to estimate the compensation, which should have been allowed, for the services rendered by Daviess. Carneal does not seem to have been limited in his discretion, as to the extent of the fee to be allowed. But if the answer of Ross’ executor is to be regarded (and without it, there is no proof against the heirs) it is clear, that he violated, both in letter and spirit, the power confided to him. The contract which he made respecting the fee, was not voidable merely, but void; see the case of Dehart, &c. vs. Wilson, &c. VI Mon. 581, and the authorities there cited. But the appellee insisted not only, that the contract as made was obligatory, but that Ross had subsequently sanctioned it. He had a right under the circumstances to resort to a court of chancery, and could he have supported his bill, would have been entitled to a conveyance. Although he failed to do it, it satisfactorily appears, that Carneal was authorized to make an engagement with a lawj'er for Ross; that he did accordingly employ Daviess, who performed professional services under such an arrangement. What the extent and value of those services were, cannot be ascertained from the present record.
Whilst, therefore, the written contract for the land was void, it does not follow that the appellee as the representative of Daviess is not authorized to demand a just compensation for the services rendered by his testator at the instance of Ross.
Had the demand been prosecuted at law, the proper count to embrace the case, would have been, upon a quantum meruit; upon the trial of which, the compensation to be allowed, should not exceed the value of the services rendered.
The decree of the circuit court must be reversed, and the cause remanded, for further proceedings to be had, not inconsistent with this opinion.